UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
:
ROSALINA ABRAHAM and STEPHEN ABRAHAM, : 16-CV-3502 (ARR)
:
Petitioners, : <u>NOT FOR ELECTRONIC</u>
: <u>OR PRINT PUBLICATION</u>
-against- :
: <u>OPINION & ORDER</u>
LORETTA LYNCH, Attorney General of the United States, :
:
Respondent. :
-------------------------------------------------------------------- X

ROSS, United States District Judge:

Petitioner Stephen Abraham is an alien currently residing in the United States without lawful status. Petitioner Rosalina Abraham is his wife and a United States citizen. They seek review of a determination by the Board of Immigration Appeals ("BIA"), denying their application for lawful status for Stephen based on his marriage to Rosalina.[1] Before the court are petitioners' motion, styled as a motion for summary judgment, and respondent's cross-motion to dismiss. For the reasons that follow, respondent's motion is granted and petitioner's motion is denied as moot.

## BACKGROUND

The following facts are alleged in the Certified Administrative Record ("CAR").[2] Stephen is a citizen of India. CAR at 148-49. On December 20, 1999, he married Leslie Ann Aquiningoc, a United States citizen. <u>Id.</u> at 799. Stephen gained conditional permanent resident

---

[1] Petitioners are referred to by their first names for clarity.

[2] The CAR is found at ECF No. 1-12 through 1-38.

status on the basis of his marriage to Aquiningoc.³ Id. at 385; 778. The United States Customs and Immigration Services ("USCIS") subsequently determined that the marriage between Stephen and Aquiningoc was fraudulent. On March 16, 2005, both Stephen and Aquiningoc were indicted on charges of perjury, visa fraud, and conspiracy to commit marriage fraud. Id. at 1340-43. Stephen pled guilty to perjury. Id. at 671-75. He was sentenced to ten months in prison, followed by two years of supervised release. Id. at 780-83. Stephen and Aquiningoc were divorced on May 26, 2004. Id. at 242.⁴

On March 19. 2005, Stephen married Rosalina. Id. at 464. After Stephen completed his prison sentence, Rosalina filed a petition to have Stephen classified as an immediate relative of a United States citizen. Id. at 234-35. This application was granted on May 7, 2007. Id. By letter dated July 31, 2008, USCIS notified Rosalina that, pursuant to 8 U.S.C. § 1154(c), USCIS intended to revoke the grant of this application. Id. at 230-33. USCIS had determined that, because Stephen's first marriage was "entered into . . . for the purpose of evading the immigration laws," 8 U.S.C. § 1154(c), he was ineligible to be a beneficiary of an I-130 petition. CAR at 230-33. On January 27, 2009, USCIS revoked its approval of Rosalina's I-130 petition. Id. at 1320-22.

On July 7, 2012, Rosalina submitted a new petition to have Stephen classified as an

---

³ Generally, spouses and other immediate relatives of United States citizens automatically qualify for permanent residency and eventually citizenship. Azizi v. Thornburgh, 719 F. Supp. 86, 88 (D. Conn. 1989), aff'd, 908 F.2d 1130 (2d Cir. 1990). Upon application by the citizen spouse, an alien spouse is granted "conditional" permanent resident status during which the government investigates the bona fides of the marriage. 8 U.S.C. § 1186a.

⁴ By letter dated April 24, 2007, USCIS notified Stephen that his permanent resident status, which was based on his prior marriage to Aquiningoc, was terminated after he failed to comply with certain statutory requirements not at issue here. Id. at 256-57.

immediate relative of a United States citizen. Id. at 514-16, 467-68. On May 6, 2013, USCIS issued a Notice of Intent to Deny the petition on the same grounds as it had revoked Rosalina's prior petition. Id. at 447-50. Petitioners responded by submitting additional evidence that Stephen's first marriage was bone fide. Id. at 364-71. On June 7, 2013, Stephen submitted a supplemental letter stating his belief that the provision on which the BIA based its decision is unconstitutional. Id. at 451. USCIS denied Rosalina's second petition on November 13, 2013. Id. at 77-79. Rosalina appealed this decision to the BIA. Id. at 80. The BIA dismissed the appeal. Id. at 2-5.

On March 2, 2016, petitioners sought review of the BIA decision by the Second Circuit Court of Appeals. Pet. for Review, ECF No. 1-1. The Second Circuit transferred this action to this court as the proper venue to hear an appeal of a visa denial. Order (June 24, 2016), ECF No. 1-8.

## DISCUSSION

To survive a motion to dismiss, the complaint's allegations "must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). "Only . . . a plausible claim for relief survives a motion to dismiss." LaFaro v. N.Y. Cardiothoracic Grp., 570 F.3d 471, 476 (2d Cir. 2009). In reviewing a motion to dismiss pursuant to Rule 12(b)(6), a court may "rely upon 'documents attached to the complaint as exhibits and documents incorporated by reference.'" Halebian v. Berv, 644 F.3d 122, 130, n.7 (2d Cir. 2011) (alterations omitted) (quoting DiFolco v. MSNBL Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010)).

Petitioners raise constitutional objections to the BIA's decision. Pls.' Mot. Summ. J., ECF No. 11 ("Pet'rs' Mot."), at 1. The BIA based its denial of Rosalina's I-130 petition on 8

3

U.S.C. § 1154(c), which provides that a person convicted of marriage fraud in connection with a visa application is ineligible for future I-130 immigration status. Petitioners argue that this provision unconstitutionally burdens petitioners' right to marriage, Pet'rs' Mot. at 3-9, and violates due process, id. at 9-15.

Petitioners have failed to plausibly allege a constitutional violation. The Second Circuit has found that "no constitutional right of a citizen spouse is violated by deportation of his or her alien spouse." Burrafato v. U.S. Dep't of State, 523 F.2d 554, 555 (2d Cir. 1975) (citing Noel v. Chapman, 508 F.2d 1023, 1027-28 (2d Cir. 1975)); see also Azizi v. Thornburgh, 908 F.2d 1130, 1134 (2d Cir. 1990) (holding that citizen spouse and alien spouse "cannot succeed on their due process challenge, because they do not have an inherent property right in an immigrant visa").

Following this precedent, courts in this circuit regularly reject claims that visa adjudications implicate the constitutional rights of citizen spouses. See, e.g., Makransky v. Johnson, 176 F. Supp. 3d 217, 227 (E.D.N.Y. 2016) ("Nor has Plaintiff plausibly alleged a due process violation. Plaintiff, to be sure, has a constitutional right to marry – and he has done just that. But what he does not have is a constitutional right to receive a visa for his wife." (internal record citations omitted)); Parella v. Johnson, No. 1:15-cv-0863 (LEK/DJS), 2016 WL 3566861, at *10 (N.D.N.Y. June 27, 2016) ("[T]here is no such right to immigration benefits for one's alien spouse.");[5] Gogilashvili v. Holder, No. 11-CV-01502 (RRM), 2012 WL 2394820, at *5 (E.D.N.Y. June 25, 2012) ("No constitutional right of a citizen spouse is violated by deportation or denial of a visa application of his or her alien spouse."); Li v. Chertoff, No. 06 CIV 13679

---

[5] Both Makransky and Parella address, and reject, petitioners' argument that Obergefell v. Hodges, 135 S. Ct. 2584 (2015) affects this analysis. Markansky, 176 F. Supp. 3d at 227 n.10; Parella, 2016 WL 3566861, at *9-10.

LAP, 2007 WL 541974, at *1-2 (S.D.N.Y. Feb. 16, 2007) (finding that constitutional rights of citizen not affected by delay in processing alien spouse's visa application).[6]

Because petitioners have not shown a constitutional right that could have been violated by the BIA's action, their claim fails. See Lleshi v. Kerry, 127 F. Supp. 3d 196, 201 (S.D.N.Y. 2015) ("[B]ecause visas do not constitute a life, liberty, or property interest sufficient to invoke the protections of due process, Plaintiffs have failed to identify a valid constitutional claim . . . .").

## CONCLUSION

Therefore, the petition for review is dismissed with prejudice. Petitioners' motion for summary judgment is denied as moot. The Clerk is respectfully requested to enter judgment for respondent and close this case.

SO ORDERED.

                                                        /s/
                                           Allyne R. Ross
                                           United States District Judge

Dated:       December 15, 2016
              Brooklyn, New York

---

[6] While these holdings address the rights of the citizen spouse, "a citizen generally possesses greater constitutional rights than an alien," In re Extradition of Garcia, 615 F. Supp. 2d 162, 173 (S.D.N.Y. 2009), and there is no basis to conclude that an alien spouse would enjoy greater rights in this area than the citizen spouse. Therefore, this analysis applies equally to Stephen's constitutional claims, and I need not address the difficult question of whether an alien in Stephen's position enjoys a constitutional right to marriage. See Hon. Karen Nelson Moore, Aliens and the Constitution, 88 N.Y.U. L. Rev. 801 (2013) ("Not all classes of aliens are afforded identical constitutional rights. Further, different legal considerations and analyses apply to each specific right.").

5